**WHOLE COURT**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**September 28, 2018**

# In the Court of Appeals of Georgia

A17A0240. ATKINS v. THE STATE.

BETHEL, Judge.

In *Atkins v. State*, No. S17G1996, 2018 WL 3965743 (Ga. Aug. 20, 2018), the Supreme Court of Georgia affirmed in part and reversed in part our previous decision in *Atkins v. State*, 342 Ga. App. 422 (803 SE2d 122) (2017). Specifically, the Supreme Court of Georgia affirmed our holding that under OCGA § 24-4-412, the trial court properly prohibited Atkins from seeking testimony regarding the victim's sexual activity, but reversed our decision that a victim's prior statements can constitute sufficient corroboration under OCGA § 16-6-3. Instead, our Supreme Court concluded that a victim's prior consistent statement cannot provide the required corroborating evidence needed to support a conviction for statutory rape. In so ruling, it determined there must be a showing of some independent evidence separate from

the victim's statement that supports the conclusion that the defendant committed the statutory rape of the victim.

Accordingly, we adopt the judgment of the Supreme Court of Georgia as our own, and we vacate the jury's verdict with respect to the statutory rape conviction only.

*Judgment affirmed in part and reversed in part. Barnes, P. J.,  Miller, P. J., Doyle, P. J., McFadden, P. J.,  and McMillian, Mercier, Reese, and Gobeil, JJ., concur*.